**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4157**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGGIE WALDO CANADY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:02-cr-00127-F-3)

---

Submitted:  August 23, 2006          Decided:  September 18, 2006

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reggie Waldo Canady appeals his 248-month prison sentence resulting from his conviction for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (2000), possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), and for using and carrying a firearm during the drug conspiracy in violation of 18 U.S.C. § 924(c) (2000). Finding no error, we affirm.

Canady contends that the district court imposed his sentence in violation of United States v. Booker, 543 U.S. 220 (2005). After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining the sentence, however, courts are still required to calculate and consider the guidelines range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. In sentencing defendants after Booker, district courts should apply a preponderance of the evidence standard, taking into account that the resulting guideline range is advisory only. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). We will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47.

Here, the district court correctly calculated Canady's range under the now-advisory sentencing guidelines using a preponderance of the evidence standard. After giving due consideration to the § 3553(a) factors, the district court then sentenced him within the statutorily prescribed range for his offenses and below the range provided for by the sentencing guidelines. Canady has not rebutted the presumption that the district court imposed a reasonable sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED